IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| STEPHANIE DEAN,<br><br>　　　　　　Plaintiff,<br><br>Vs.<br><br>WILLSCOT MOBILE MINI HOLDINGS CORPORATION d/b/a WILLSCOT,<br><br>　　　　　　Defendant. | CIVIL CASE NO.: 2:22-cv-2846-RMG |

## NOTICE OF REMOVAL

Defendant Williams Scotsman, Inc. ("WillScot"),[1] by its counsel, files this Notice of Removal of this action currently pending in the Court of Common Pleas for the First Judicial Circuit of Dorchester County, South Carolina, No. 2022-CP-18-00458, to this, the United States District Court for South Carolina, pursuant to and in accordance with 28 U.S.C. §§ 1332, 1441, and 1446. The following is a short and plain statement of the grounds for removal to this Court.

## PROCEDURAL HISTORY

1. On or about March 15, 2022, Plaintiff Stephanie Dean ("Plaintiff") filed a Complaint naming WillScot, a series of unrelated WillScot entities, and individual Ken Minus in the Court of Common Pleas for the First Judicial Circuit of Dorchester County, South Carolina captioned *Stephanie Dean v. WillScot Mobile Mini Holdings Corp. et al.*, Case No. 222-CP-18-00458 ("the State Court Action"). A Summons to WillScot was also issued on March 15, 2022.

2. Thus, the action was commenced on March 15, 2022 for LR 83.IV.02 purposes.

---

[1] Plaintiff's Complaint incorrectly names WillScot as "WillScot Mobile Mini Holdings Corporation d/b/a WillScot, WillScot Mobile Mini Holdings Corporation d/b/a Mobile Mini Solutions, Mobile Mini, Inc. d/b/a Mobile Mini Solutions, Mobile Mini Tank and Pump Solutions, Inc. d/b/a Mobile Mini Solutions, Williams Scotsman, Inc., WillScot Equipment, LLC, [and] Williams Scotsman International, Inc." Only Williams Scotsman, Inc. is a proper Defendant. Regardless, all incorrectly named Defendants remaining in the case consent to removal to this Court.

1

3.	A copy of the Complaint and Summons, together with a cover letter from counsel, was served on WillScot on March 28, 2022 via WillScot's registered agent for service of process, CT Corporation. Copies of the Summons, Complaint, and cover letter served on WillScot via CT Corporation on March 28, 2022 are attached to this Notice of Removal as **Exhibit 1**.

4.	The Complaint arises from a 2019 incident Plaintiff alleges occurred as follows:

> [O]n or about October 28, 2019, due to the negligence of Defendants, Plaintiff fell through the floor of a portable classroom at Spann Elementary School located at 901 John McKissick Way, Summerville, SC 29483. …
>
> [O]n October 28, 2019, Plaintiff was teaching and walking through the portable classroom when the floor collapsed and caused Plaintiff to fall through.

(Compl. at ¶¶ 16, 20, **Exhibit 1**).[2]

5.	Plaintiff alleges that WillScot and Mr. Minus "owned and/or maintained" the portable classroom and "leased" the portable classroom to the elementary school. (*Id.* at ¶¶ 17-18). Plaintiff further alleges that Mr. Minus was the "general manager" of WillScot. (*Id.* at ¶ 19).

6.	On July 28, 2022, Plaintiff filed a Stipulation of Dismissal as to Ken Minus.

7.	A copy of the Stipulation of Dismissal of Mr. Minus is attached as **Exhibit 2**.

8.	Mr. Minus is thus no longer a party. The only remaining defendant is WillScot.

9.	Pursuant to 28 U.S.C. § 1446(a), WillScot has attached to this Notice of Removal copies of each paper filed or served on WillScot in the State Court Action to date.

10.	Other than the Summons, Complaint, and Stipulation of Dismissal as to Ken Minus, no other pleadings or materials have been filed or served by any party in the State Court Action.

---

[2] WillScot denies liability to Plaintiff and reserves all, and does not waive any, of its defenses. WillScot denies the extent, duration, permanency, and causation of Plaintiff's alleged injuries and damages. WillScot denies that Plaintiff is entitled to any recovery and expressly denies that punitive damages are recoverable here. WillScot only includes Plaintiff's factual allegations and a summary of her alleged injuries for purposes of the Court's jurisdictional review.

11. No discovery has been conducted in the State Court Action.

## REMOVAL JURISDICTION

12. This action is one of a civil nature over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a). The parties are diverse and the amount in controversy is satisfied. This case is removable to this, the U.S. District Court for South Carolina, Charleston Division, as this is the Court for the district and division embracing the place where the State Court Action is pending (Dorchester County, South Carolina). *See* 28 U.S.C. §§ 1441(a), 1446(a).

## DIVERSITY OF CITIZENSHIP

13. In her Complaint, Plaintiff affirmatively alleges that she is a citizen and resident of South Carolina and that she works as a teacher at a school in South Carolina. (Compl. at ¶¶ 1, 20).

14. Plaintiff is thus a South Carolina citizen for diversity jurisdiction purposes.

15. WillScot is a Delaware corporation that maintains its principal place of business in Arizona and that, at all relevant times, has been registered to do business in South Carolina.

16. WillScot is a citizen of Delaware (where it is incorporated) and Arizona (where it maintains its principal place of business) for diversity jurisdiction purposes. 28 U.S.C. § 1332(c).

17. With Mr. Minus's dismissal, there are no other defendants properly named in this action other than WillScot.[3] Complete diversity of citizenship exists between Plaintiff (a citizen of South Carolina) and the only proper defendant, WillScot (a citizen of Delaware and Arizona). 28 U.S.C. § 1332(a)(1), (c)(1)(A); *Exxon Mobile v. Allapattah Servs.*, 545 U.S. 546, 553-54 (2005).

---

[3] Even if the other improperly-named entities are considered in the diversity analysis (despite not being proper parties), they are all diverse from the South Carolina-citizen Plaintiff. Plaintiff admits that Willscot Mobile Mini Holdings Corporation d/b/a Willscot, Willscot Mobile Mini Holdings Corporation d/b/a Mobile Mini Solutions, Mobile Mini, Inc. d/b/a Mobile Mini Solutions, Mobile Mini Tank and Pump Solutions, Inc., Willscot Equipment, LLC, and Williams Scotsman International, Inc. ("the improperly named Defendants") are all Delaware corporations. (Compl. at ¶¶ 2-5, 7-8). The improperly named Defendants all maintain their principle places of business in Arizona. Accordingly, like WillScot, the improperly named Defendants are residents of Delaware (where Plaintiff admits they are incorporated) and Arizona (where they maintain their principle places of business) and fully diverse from Plaintiff.

**AMOUNT IN CONTROVERSY**

18.  Plaintiff's Complaint does not plead a specific monetary amount of damages.

19.  Rather, Plaintiff alleges that she is "entitled to judgment against the Defendant for actual, compensatory and exemplary or punitive damages for her personal injuries set forth herein in an amount that is fair, just and reasonable under the circumstances." (Compl. at ¶ 31).

20.  But the "absence of a specifically pled dollar amount does not necessarily mean that the amount in controversy is indeterminate from the face of the complaint" and, where (like here) no dollar amount is pled, this Court looks to the allegations and causes of action pled in the Complaint to determine if the amount in controversy is met. *Covington v. Syngenta Corp.*, 225 F. Supp. 3d 384, 389 (D.S.C. 2016); *Zuber v. Goodyear Tire & Rubber Co.*, No. 3:19-cv-0015-CMC, 2019 WL 4439431, at *2 (D.S.C. Sept. 17, 2019); *Brailsford v. Fresenius Med. Ctr. CAN Kidney Ctrs. LLC*, No. 2:15-cv-04012-DCN, 2017 WL 1214337, at *4 (D.S.C. Apr. 3, 2017).

21.  Here, Plaintiff alleges that:

   (1)  She was "severely injured, endured pain and suffering, suffered mentally and emotionally, [and] incurred and will incur various medical expenses";

   (2)  She "fell through the floor" of the portable classroom "with great force, causing her to sustain serious, painful and permanent personal injuries";

   (3)  She has "been required to expend a significant amount of money for her medical care[,] treatment, and attendant services" and, given the nature of her injuries, will be required "to expend a significant amount of money for her medical care[,] treatment, and attendant services in the future";

   (4)  The "nature of Plaintiff's injuries will deprive Plaintiff [who works as a school teacher] of employment opportunities and income in the future"; and

   (5)  Pain "has resulted in loss of enjoyment of life and change in her personality, all to [the] permanent detriment to her health and physical well-being."

(Compl. at ¶¶ 26-28).

22.  Plaintiff seeks both compensatory and punitive damages. (*Id.* at ¶¶ 30-31).

4

23. In *Zuber v. Goodyear Tire & Rubber Company*, No. 3:19-cv-0015-CMC, 2019 WL 4439431 (D.S.C. Sept. 17, 2019) this Court found that a complaint filed in an accident case arising from work done by a defendant on the tires of plaintiff's vehicle satisfied the amount in controversy where, though plaintiff did not plead a specific monetary amount of damages, plaintiff's complaint requested actual and punitive damages and asserted that plaintiff had suffered: (1) serious injury; (2) pain and suffering; (3) emotional distress; and (4) medical expenses, past and future.

24. In so holding, the Court explained:

> In this case, where Plaintiff pled actual damages from a dangerous accident leading to "serious injury, pain and suffering and emotional distress," in addition to punitive damages, it was reasonable to conclude the amount requested was over the jurisdictional threshold.

*Id.* at *2.

25. Plaintiff's allegations in this case are near-identical to those that the *Zuber* Court found sufficient to satisfy the amount in controversy. In fact, what Plaintiff alleges here is even more than what the *Zuber* Court found adequate, with Plaintiff alleging (beyond serious injury, pain and suffering, and emotional distress) medical expenses, loss of employment opportunities and income, and a changed personality and loss of enjoyment of life.[4] (Compl. at ¶¶ 26-28).

26. Just as it was in *Zuber*, the amount in controversy is satisfied here.[5]

---

[4] Further, as this Court has stated, the "claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount" because "[i]t is the Court's experience that the plaintiff's bar rarely seeks less than ten times damages for punitive damages." *Woodward v. Newcourt Comm. Finance Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999); *Corey v. Builders Mut. Ins.*, No. 2:10-00408, 2010 WL 11643184, at *4 (D.S.C. May 7, 2010) (if awarded, punitive damages "may exceed compensatory damages awards by 'single-digit multipliers'").

[5] *See also, e.g.*, *Brailsford v. Fresenius Med. Ctr. CAN Kidney Ctrs.*, No. 2:15-cv-04012-DCN, 2017 WL 1214337, at *4-5 (D.S.C. Apr. 3, 2017) (amount in controversy met where plaintiff pled no specific amount of monetary damages, but alleged pecuniary losses, embarrassment, pain and suffering, mental anguish, and loss of enjoyment of life and sought both actual and punitive damages); *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739-JMC, 2011 WL 494395, at *3 (D.S.C. Feb. 4, 2011) (amount in controversy met where plaintiff pled no specific amount of damages, but alleged various injuries "in and about various parts of her body," resulting in past and present medical expenses, pain and suffering, emotional injury, and loss of enjoyment of life, and claimed both actual and punitive damages).

## NOTICE OF REMOVAL IS TIMELY

27.     Generally, notices of removal must be filed within 30 days of a defendant's receipt of a copy of the plaintiff's initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b)(1).

28.     However, if a case "stated by the [plaintiff's] initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

29.     Here, Plaintiff's Complaint was not originally removable because it named Ken Minus, who Plaintiff alleged was a resident of South Carolina. *See* 28 U.S.C. § 1441(b)(2).

30.     It was only on receipt of Plaintiff's Stipulation of Dismissal of Mr. Minus that the case became removable, as no remaining named defendant was a citizen of South Carolina.

31.     Plaintiff's Stipulation of Dismissal, filed and served on July 28, 2022, constitutes an "other paper" under 28 U.S.C. § 1446(b)(3). It was only on receipt of Plaintiff's Stipulation on July 28, 2022 that WillScot's 30-day window to remove the case to federal court was triggered.

32.     This Notice of Removal is timely filed within 30 days of July 28, 2022.

33.     There is no other time barrier to WillScot's removal of this action.

34.     This action was commenced on March 15, 2022 for LR 83.IV.02 purposes.

35.     Because this action is being removed substantially less than one year after commencement of the action, 28 U.S.C. § 1446(c)(1) poses no barrier to removal in this case.

## NOTICE TO ADVERSE PARTIES AND STATE COURT

36.     Because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, this action is removable to this Court pursuant to 28 U.S.C. § 1441 and subject to 28 U.S.C. § 1446.

37.     Pursuant to 28 U.S.C. § 1446(d) and LR 83.IV.01, promptly after filing this Notice of Removal, WillScot will serve on Plaintiff's counsel (the only adverse party) a true and correct copy of this Notice.  WillScot also will file a true and correct copy of this Notice with the appropriate state court clerk (the Clerk of the Court of Common Pleas for the First Judicial Circuit).

**WHEREFORE**, WillScot timely removes the State Court Action to this Court for further proceedings at law pursuant to and in accordance with 28 U.S.C. §§ 1331, 1441, and 1446.

**RICHARDSON, PLOWDEN & ROBINSON, P.A.**

_s/James H. Elliott, Jr._
James H. Elliot, Jr. (Fed Bar No. 7034)
235 Magrath Darby Blvd., Ste. 100
Mt. Pleasant, SC 29464
Tele: 843-805-6550
Fax: 843-805-6599
jelliott@richarsonplowden.com

*Attorney for DEEFENDANTS*

August 25, 2022
Mount Pleasant, SC

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2022, the foregoing was electronically filed with the Clerk of Court using the CM-ECF system. Notification of such filing was given to the following by the CM-ECF system to those registered to receive a Notice of Electronic Filing for this case.

Catherine F. Juhas, Esquire
**CFJ Injury Lawyers, LLC**
2185 Ashley Phospate Road
P.O. Box 60068
N. Charleston, SC 29419-0068
cjuhas@cfjinjurylawyers.com
*Attorneys for Plaintiff*

_s/James H. Elliott, Jr._
James H. Elliott, Jr.