

# Service of Process Transmittal
03/28/2022
CT Log Number 541296987

**TO:** SAMANTHA BISHOP
WILLIAMS SCOTSMAN, INC.
901 S Bond St Ste 600
Baltimore, MD 21231-3348

**RE:** Process Served in South Carolina

**FOR:** Williams Scotsman, Inc.  (Domestic State: MD)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Re: STEPHANIE DEAN // To: Williams Scotsman, Inc. |
| DOCUMENT(S) SERVED: | - |
| COURT/AGENCY: | None Specified<br>Case # 2022CP1800458 |
| NATURE OF ACTION: | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| ON WHOM PROCESS WAS SERVED: | CT Corporation System, Columbia, SC |
| DATE AND HOUR OF SERVICE: | By Process Server on 03/28/2022 at 11:36 |
| JURISDICTION SERVED : | South Carolina |
| APPEARANCE OR ANSWER DUE: | None Specified |
| ATTORNEY(S) / SENDER(S): | None Specified |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 03/28/2022, Expected Purge Date: 04/02/2022 |
| | Image SOP |
| | Email Notification,  SAMANTHA BISHOP  Samantha.Bishop@as.willscot.com |
| | Email Notification,  Denise Owens  denise.owens@willscot.com |
| | Email Notification,  Tom Single  tswingle@mobilemini.com |
| | Email Notification,  Angie Gomez  angie.gomez@mobilemini.com |
| REGISTERED AGENT ADDRESS: | C T Corporation System<br>2 Office Park Court<br>Suite 103<br>Columbia, SC 29223<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other



**Service of Process Transmittal**
03/28/2022
CT Log Number 541296987

**TO:** SAMANTHA BISHOP
WILLIAMS SCOTSMAN, INC.
901 S Bond St Ste 600
Baltimore, MD 21231-3348

**RE:** **Process Served in South Carolina**

**FOR:** Williams Scotsman, Inc. (Domestic State: MD)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / DC

# CFJ INJURY LAWYERS
## COUNSELORS FOR JUSTICE

March 22, 2022

Williams Scotsman, Inc.
c/o CT Corporation System
2 Office Park Court, Ste 103
Columbia, SC 29223

RECEIVED
2022 MAR 25 PM 4:08
RCSD

        Re:    Stephanie Dean v. Willscot Mobile Mini Holdings Corporation et. al.
               Case No.: 2022CP1800458

To whom it may concern:

Enclosed please find for service the following documents regarding the above-referenced matter:

    1.    Filed Summons
    2.    Filed Complaint

Please forward these documents to your insurance carrier and ask that they respond accordingly. Please note that, as per the Summons, the enclosed Complaint must be formally answered within 30 days of service. If not, you will be considered in default. As such, your prompt attention to this matter is warranted.

Sincerely,

Lindsey Dixon
Paralegal
ldixon@cfjinjurylawyers.com

/ld

Enclosures as stated.

---

2185 ASHLEY PHOSPHATE RD.,
N. CHARLESTON, SC 29406

PO BOX 60068, N. CHARLESTON, SC 29419
(800)542-1444 | (843)553-0007    (843)553-1400    CHSINJURYLAWYERS.COM

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF DORCHESTER ) <br> ) <br> STEPHANIE DEAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WILLSCOT MOBILE MINI HOLDINGS ) <br> CORPORATION d/b/a WILLSCOT, ) <br> WILLSCOT MOBILE MINI HOLDINGS ) <br> CORPORATION d/b/a MOBILE MINI ) <br> SOLUTIONS, MOBILE MINI, INC. ) <br> d/b/a MOBILE MINI SOLUTIONS, ) <br> MOBILE MINI TANK AND PUMP ) <br> SOLUTIONS, INC. d/b/a MOBILE MINI ) <br> SOLUTIONS, WILLIAMS SCOTSMAN, ) <br> INC., WILLSCOT EQUIPMENT, LLC, ) <br> WILLIAMS SCOTSMAN ) <br> INTERNATIONAL, INC., and KEN ) <br> MINUS, individually and as ) <br> employee/agent of WILLIAMS ) <br> SCOTSMAN, INC. ) <br> ) <br> Defendants. ) <br> ) | IN THE COURT OF COMMON PLEAS <br> FOR THE 1ST JUDICIAL CIRCUIT <br> CASE NO: 2022-CP-18_____ <br><br><br><br>**SUMMONS** <br> (Jury Trial Demanded) |

**TO: WILLSCOT MOBILE MINI HOLDINGS CORPORATION d/b/a WILLSCOT, WILLSCOT MOBILE MINI HOLDINGS CORPORATION d/b/a MOBILE MINI SOLUTIONS, MOBILE MINI, INC. d/b/a MOBILE MINI SOLUTIONS, MOBILE MINI TANK AND PUMP SOLUTIONS, INC. d/b/a MOBILE MINI SOLUTIONS, WILLIAMS SCOTSMAN, INC., WILLSCOT EQUIPMENT, LLC, WILLIAMS SCOTSMAN INTERNATIONAL, INC., and KEN MINUS, individually and as employee/agent of WILLIAMS SCOTSMAN, INC.**

**YOU ARE HEREBY SUMMONED** and required to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the Complaint upon Plaintiff through her attorney, Catherine F. Juhas at her office located at 2185 Ashley Phosphate Road, Post Office Box 60068, North Charleston, South Carolina, 29419-0068, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to Answer the Complaint within the time frame aforesaid, Plaintiffs will apply to the Court for the

Page 1 of 2

ELECTRONICALLY FILED - 2022 Mar 15 1:28 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1800458

ELECTRONICALLY FILED - 2022 Mar 15 1:28 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1800458

relief demanded in the Complaint.

Dated at North Charleston, South Carolina on the 15th day of March 2022.

Respectfully submitted,

**CFJ INJURY LAWYERS, LLC**

*/s/ Catherine F. Juhas*
Catherine F. Juhas, Esquire
SC Bar No.: 100375
2185 Ashley Phosphate Road
PO Box 60068
N. Charleston, SC  29419-0068
Phone: (843) 553-0007
Fax:    (843) 553-1400

**ATTORNEY FOR PLAINTIFF**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF DORCHESTER ) <br> ) <br> STEPHANIE DEAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WILLSCOT MOBILE MINI HOLDINGS ) <br> CORPORATION d/b/a WILLSCOT, ) <br> WILLSCOT MOBILE MINI HOLDINGS ) <br> CORPORATION d/b/a MOBILE MINI ) <br> SOLUTIONS, MOBILE MINI, INC. ) <br> d/b/a MOBILE MINI SOLUTIONS, ) <br> MOBILE MINI TANK AND PUMP ) <br> SOLUTIONS, INC. d/b/a MOBILE MINI ) <br> SOLUTIONS, WILLIAMS SCOTSMAN, ) <br> INC., WILLSCOT EQUIPMENT, LLC, ) <br> WILLIAMS SCOTSMAN ) <br> INTERNATIONAL, INC., and KEN ) <br> MINUS, individually and as ) <br> employee/agent of WILLIAMS ) <br> SCOTSMAN, INC. ) <br> ) <br> Defendants. ) <br> ) | IN THE COURT OF COMMON PLEAS <br> FOR THE 1ST JUDICIAL CIRCUIT <br> CASE NO: 2022-CP-18_____ <br><br><br><br><br><br>**COMPLAINT** <br> (Jury Trial Demanded) |

Plaintiff Stephanie Dean complaining of Defendants Willscot Mobile Mini Holdings Corporation d/b/a Willscot, Willscot Mobile Mini Holdings Corporation d/b/a Mobile Mini Solutions, Mobile Mini, Inc. d/b/a Mobile Mini Solutions, Mobile Mini Tank and Pump Solutions, Inc. d/b/a Mobile Mini Solutions, Williams Scotsman, Inc., Willscot Equipment, LLC, Williams Scotsman International, Inc., and Ken Minus, individually and as employee/agent of Williams Scotsman, Inc. alleges and says as follows:

1. That Plaintiff Stephanie Dean (herein referred to as "Plaintiff") is a citizen and resident of Berkeley County, State of South Carolina.

2. That upon information and belief, Defendant Willscot Mobile Mini Holdings Corporation d/b/a Willscot, is incorporated under the laws of Delaware, licensed to do business in the State of South Carolina, and can be served with process to its registered agent, Corporation Trust Center, at 1209 Orange Street, Wilmington, Delaware 19801.

3. That upon information and belief, Defendant Willscot Mobile Mini Holdings Corporation d/b/a Mobile Mini Solutions, is incorporated under the laws of Delaware, licensed to do business in the State of South Carolina, and can be served with process to its registered agent, Corporation Trust Center, at 1209 Orange Street, Wilmington, Delaware 19801.

4. That upon information and belief, Defendant Mobile Mini, Inc. d/b/a Mobile Mini Solutions, as a wholly owned subsidiary of Defendant Willscot Mobile Mini Holdings Corporation, is incorporated under the laws of Delaware, licensed to do business in the State of South Carolina, and can be served with process to its registered agent, Corporation Service Company, at 508 Meeting Street, West Columbia, South Carolina 29169.

5. That upon information and belief, Defendant Mobile Mini Tank and Pump Solutions, Inc. d/b/a Mobile Mini Solutions is incorporated under the laws of Delaware, licensed to do business in the State of South Carolina, and can be served with process to its registered agent, Corporation Service Company, at 508 Meeting Street, West Columbia, South Carolina 29169.

6. That upon information and belief, Defendant Williams Scotsman, Inc., f/k/a The Scotsman Group, Inc. and f/k/a Williams Mobile Offices, Inc., is incorporated under the laws of Maryland, licensed to do business in the State of South Carolina, and can be served with process to its registered agent, CT Corporation System, at the last known address 2 Office Park Court, Suite 103, Columbia, SC 29223.

7. That upon information and belief, Defendant Willscot Equipment, LLC, as a wholly owned subsidiary of Wilscot Mobile Mini Holdings Corporation, is a Delaware limited liability

company, licensed to do business in the State of South Carolina, and can be served with process to its registered agent, Corporation Trust Center, at 1209 Orange Street, Wilmington, Delaware 19801.

8. That upon information and belief, Defendant Williams Scotsman International, Inc., as a wholly owned subsidiary of Wilscot Mobile Mini Holdings Corporation, is incorporated under the laws of Delaware, licensed to do business in the State of South Carolina, and can be served with process to its registered agent, Corporwtion Trust Center, at 1209 Orange Street, Wilmington, Delaware 19801.

9. That upon information and belief, Defendant Ken Minus, as employee/agent of Williams Scotsman, Inc., is a resident of Dorchester County, South Carolina, and can be served with process to his last known address, 440 Harley Road, Reevesville, SC 29471.

10. That upon information and belief, Defendants Willscot Mobile Mini Holdings Corporation d/b/a Willscot, Willscot Mobile Mini Holdings Corporation d/b/a Mobile Mini Solutions, Mobile Mini, Inc. d/b/a Mobile Mini Solutions, Mobile Mini Tank and Pump Solutions, Inc. d/b/a Mobile Mini Solutions, Williams Scotsman, Inc., Willscot Equipment, LLC, and Williams Scotsman International, Inc. have identical or nearly identical ownership, governance, management, office locations, letterhead, equipment, telephone numbers, and other indicia of corporate identity.

11. That upon information and belief, Defendants Willscot Mobile Mini Holdings Corporation d/b/a Willscot, Willscot Mobile Mini Holdings Corporation d/b/a Mobile Mini Solutions, Mobile Mini, Inc. d/b/a Mobile Mini Solutions, Mobile Mini Tank and Pump Solutions, Inc. d/b/a Mobile Mini Solutions, Williams Scotsman, Inc., Willscot Equipment, LLC, and Williams Scotsman International, Inc. are so intertwined as to constitute a single business enterprise and/or partnership.

12. That injustice to Plaintiff and/or others would result were this Court to recognize any legal distinction between Defendants Willscot Mobile Mini Holdings Corporation d/b/a Willscot, Willscot Mobile Mini Holdings Corporation d/b/a Mobile Mini Solutions, Mobile Mini, Inc. d/b/a Mobile Mini Solutions, Mobile Mini Tank and Pump Solutions, Inc. d/b/a Mobile Mini Solutions, Williams Scotsman, Inc., Willscot Equipment, LLC, and Williams Scotsman International, Inc. when the entities themselves have blurred, ignored, or wholly erased such distinctions.

13. That Defendants Willscot Mobile Mini Holdings Corporation d/b/a Willscot, Willscot Mobile Mini Holdings Corporation d/b/a Mobile Mini Solutions, Mobile Mini, Inc. d/b/a Mobile Mini Solutions, Mobile Mini Tank and Pump Solutions, Inc. d/b/a Mobile Mini Solutions, Williams Scotsman, Inc., Willscot Equipment, LLC, Williams Scotsman International, Inc., and Kevin Minus are jointly and severally liable for Plaintiff's damages.

14. That the subject of this action occurred in Dorchester County, State of South Carolina.

15. That this Court has jurisdiction over the parties and the subject matter of this action.

16. That on or about October 28, 2019, due to the negligence of Defendants, Plaintiff fell through the floor of a portable classroom at Spann Elementary School located at 901 John McKissick Way, Summerville, SC 29483.

17. That on or about the same time, the portable classroom was owned and/or maintained by Defendants Willscot Mobile Mini Holdings Corporation d/b/a Willscot, Willscot Mobile Mini Holdings Corporation d/b/a Mobile Mini Solutions, Mobile Mini, Inc. d/b/a Mobile Mini Solutions, Mobile Mini Tank and Pump Solutions, Inc. d/b/a Mobile Mini Solutions, Williams Scotsman, Inc., Willscot Equipment, LLC, Williams Scotsman International, Inc., and Kevin Minus.

18. That Defendants Willscot Mobile Mini Holdings Corporation d/b/a Willscot, Willscot Mobile Mini Holdings Corporation d/b/a Mobile Mini Solutions, Mobile Mini, Inc. d/b/a Mobile Mini Solutions, Mobile Mini Tank and Pump Solutions, Inc. d/b/a Mobile Mini Solutions, Williams Scotsman, Inc., Willscot Equipment, LLC, and Williams Scotsman International, Inc. leased the subject portable classroom to Spann Elementary School in Dorchester County.

19. That at all times relevant, Defendant Kevin Minus was the general manager of Defendant Williams Scotsman, Inc., f/k/a The Scotsman Group, Inc. and f/k/a Williams Mobile Offices, Inc.

20. That on October 28, 2019, Plaintiff was teaching and walking through the portable classroom when the floor collapsed and caused Plaintiff to fall through.

21. That as a nature and foreseeable result of Plaintiff's fall, Plaintiff suffered an extreme high-impact collision with the ground, resulting in severe and acute injury.

22. That Defendants, individually and/or by and through its agents, and/or employees, had a duty to maintain the premises in a reasonably safe condition for invitees on the premises, such as Plaintiff.

23. That Defendants either knew or should have known that the area where Plaintiff fell presented a danger to persons upon the premises; or that Defendants created the dangerous condition.

24. That as a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness, wantonness acts and/or omissions of the Defendants, as is set forth more fully above, Plaintiff was injured, has endured pain and suffering, has suffered mentally and emotionally, and has incurred and will incur various medical expenses and has otherwise been damaged and injured.

25. That the fall and resulting injuries to Plaintiff were caused directly and proximately by one or more of the following negligent, negligent *per se*, grossly negligent, careless, reckless, willful,

wanton and unlawful acts and/or omissions of the Defendant:

  a. In failing to properly manage and maintain the portable classroom in a reasonably safe condition for persons lawfully on the premises, to include the Plaintiff herein;

  b. In failing to make reasonable inspection of its premises regarding exercise of ordinary care to prevent injury to Plaintiff and others;

  c. In willing and purposely upholding a safety hazard;

  d. In failing to observe the dangerous condition of the portable classroom;

  e. In failing to appreciate the gravity of the dangers associated with having fall hazards on the premises;

  f. In failing to enact policies that would ensure the safety of licensees and invitees on the premises;

  g. In failing and omitting to take any precautions whatsoever of a reasonable nature to protect Plaintiff from the dangers of the classroom floor on the occasion that Plaintiff was using the same; and

  h. In any such manner that Plaintiff may discover through the discovery process or at trial.

26. That as a direct and proximate result of the negligence, gross negligent, carelessness, recklessness, willfulness, and wantonness of the Defendant, as is set forth more fully above, Plaintiff was severely injured, endured pain and suffering, suffered mentally and emotionally, incurred and will incur various medical expenses, and has otherwise been damaged and injured.

27. That as a direct and proximate result of the negligence, gross negligence, careless, recklessness, willfulness and wantonness of the Defendant, as is set forth more fully above, Plaintiff fell through the floor with great force, causing her to sustain serious, painful and

ELECTRONICALLY FILED - 2022 Mar 15 1:28 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1800458

permanent personal injuries.

28. That as a direct and proximate result of the negligence, gross negligence, careless, recklessness, willfulness and wantonness of the Defendant, as set more fully above, Plaintiff has been damaged and injured in the following respects:

    a. Plaintiff has been required to expend a significant amount of money for her medical care treatment, and attendant services;

    b. The nature of Plaintiff's injuries will deprive Plaintiff of employment opportunities and income in the future;

    c. Upon information and belief, the nature of the Plaintiff's injuries will require her to expend a significant amount of money for her medical care treatment, and attendant services in the future; and

    d. The pain of her injuries has resulted in her loss of enjoyment of life and change in her personality, all to permanent detriment to her health and physical well-being.

29. The Defendants' acts and omissions, as is set forth more fully above, show willful misconduct, malice, wantonness and an entire want of care, raising a presumption of the Defendants' conscious indifference to the consequences of such acts and omissions.

30. That because of the Defendants' acts and omissions and the proximate harm resulting to the Plaintiff, Plaintiff should be awarded punitive damages in an amount to be determined by the trier of fact, in order to punish and penalize the Defendants and to deter the Defendants and others from similar behavior.

31. That upon information and belief, Plaintiff is entitled to judgment against the Defendant for actual, compensatory and exemplary or punitive damages for her personal injuries set forth herein in an amount that is fair, just and reasonable under the circumstances, plus whatever costs interest and attorney's fees that she may be entitled, to be determined by a jury.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendants for an amount to be ascertained by the jury at the trial of this action, for all damages, punitive and actual, for the cost and disbursements of this action, post judgment interest, and for such other and further relief, in law or in equity, as this court may deem just and proper.

Respectfully submitted,

**CFJ INJURY LAWYERS, LLC**

*/s/ Catherine F. Juhas*
Catherine F. Juhas, Esquire
SC Bar No.: 100375
2185 Ashley Phosphate Road
PO Box 60068
N. Charleston, SC 29419-0068
Phone: (843) 553-0007
Fax:    (843) 553-1400

**ATTORNEY FOR PLAINTIFF**

North Charleston, South Carolina
March 15, 2022